IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-_____

COVERALL NORTH AMERICA, INC.,

        Plaintiff,

v.

ACADEMY SUITES, LLC, GRACE
HOLDINGS, LTD AND GHOLAMRAZA
RAHMANI-AZAR aka BRUCE RAHMANI.

        Defendants.

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff, Coverall North America, Inc., by and through its attorneys Moye White LLP, and for its Complaint against Defendants, states as follows:

### Nature of this Dispute

This is a successor liability and fraudulent conveyance case arising out of Gholamraza Rahmani-Azar's attempt to evade the creditors of one of his limited liability companies (Academy Park Hospitality, LLC) by transferring all of the assets of that company to another, newly formed limited liability company (named Academy Suites, LLC) for $2,200,000 less than the value of those assets.

### The Parties

1.    Plaintiff Coverall North America, Inc. ("Coverall") is a Delaware corporation with its principal place of business in Boca Raton, Florida.

2.    Defendant Academy Suites, LLC, is a Colorado limited liability company. Gholamraza Rahmani-Azar, *aka* Bruce Rahmani, is the sole manager and member of Academy Suites, LLC.

3.    Defendant Grace Holdings, Ltd. ("Grace") is a Colorado limited partnership. Gholamraza Rahmani-Azar, *aka* Bruce Rahmani, is the sole general and limited partner of Grace.

4.  Gholamraza Rahmani-Azar, *aka* Bruce Rahmani, is a natural person and Colorado resident ("Rahmani").

## Jurisdiction and Venue

5.  This Court has original subject matter jurisdiction under 28 U.S.C. § 1332, in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states, and under 28 U.S.C. § 2201, the Federal Declaratory Judgment Act.

6.  Venue is proper in this Court under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

## Background

7.  On December 28, 2005, Coverall filed a complaint for breach of contract and other claims against Academy Park Hospitality, LLC (hereinafter "Academy I"). The lawsuit, captioned *Coverall North America, Inc. v. Academy Park Hospitality, LLC,* (D. Colo. 05-CV-2642) (RPM-BNB), was premised on Academy I's refusal to pay Coverall for cleaning and maintenance related services and supplies that Coverall supplied at two hotels in Lakewood, Colorado (the "Hotels") which were previously owned and operated by Academy I.

8.  Rahmani, through his 100% ownership of Grace, owned a 60% membership interest in Academy I.

9.  The day after Coverall filed its Complaint in the 05-CV-2642 litigation, on December 29, 2005, Rahmani transferred ownership of the Hotels from Academy I to Academy Suites, LLC (hereinafter "Academy II").

10. Academy II is wholly-owned and operated by Rahmani.

11. To acquire the assets of the Hotels, Academy II (i) paid $10, and (ii) obtained take out financing to release Academy I from a $4,932,546 mortgage held by Compass Bank (the "Transaction").

12. The Hotels had a fair market value in excess of $7,200,000 at the time of the Transaction.

13. As a result of the Transaction, Academy I became insolvent and thereafter conducted no business other than to collect accounts receivable.

14. In 2006, Academy I made a $73,265 cash distribution to Grace (the "Cash Distribution").

15. Academy I failed to answer or otherwise respond to Coverall's Complaint in the 05-CV-2642 litigation and, on September 11, 2006, the Honorable Richard P. Matsch entered judgment by default against Academy I for $121,571.73.

16. On January 22, 2007, Rahmani dissolved Academy I to avoid giving a post-judgment deposition that was scheduled to proceed on January 23, 2007.

## FIRST CLAIM FOR RELIEF
*(Academy II is the "Mere Continuation" of Academy I)*

17. Coverall incorporates its previous allegations as if set forth in full here.

18. Academy II is liable for Coverall's judgment against Academy I in the 05-CV-2642 litigation under Colorado's "mere continuation" doctrine.

19. Rahmani had complete legal control over Academy I and has complete legal control over Academy II.

20. Rahmani was the executive level manager of Academy I before the Transaction and is currently the executive level manager of Academy II.

21. By virtue of the Transaction, Academy I underwent a mere change in form without a significant change in substance.

22. The Transaction was not supported by adequate consideration.

23. Coverall has suffered $121,571.73 in damages as a result of the mere continuation of Academy I through Academy II.

## SECOND CLAIM FOR RELIEF
*(The Transaction Resulted In A "De Facto Merger" of Academy I and Academy II)*

24. Coverall incorporates its previous allegations as if set forth in full here.

25. Academy II is liable for Coverall's judgment against Academy I in the 05-CV-2642 litigation under Colorado's "de facto merger" doctrine.

26. There is a continuity of enterprise between Academy I and Academy II, including continuity of management, employees, location and assets.

27. There is a continuity of shareholders between Academy I and Academy II.

28. Academy I ceased operations and dissolved as soon as possible after the Transaction.

29. Academy II assumed those liabilities and obligations of Academy I necessary for the uninterrupted continuation of Academy I's business operations.

30. Coverall has suffered $121,571.73 in damages as a result of the de factor merger of Academy I and Academy II.

### THIRD CLAIM FOR RELIEF
*(The Transaction Was a Fraudulent Conveyance Under C.R.S. § 38-8-105)*

31. Coverall incorporates its previous allegations as if set forth in full here.

32. Academy I entered into the Transaction with actual intent to hinder, delay or defraud Coverall.

33. Coverall has suffered $121,571.73 in damages as a result of Academy I's fraudulent transfer of the Hotels and its other assets to Academy II.

### FOURTH CLAIM FOR RELIEF
*(The Transaction Was a Fraudulent Conveyance Under C.R.S. § 38-8-106)*

34. Coverall incorporates its previous allegations as if set forth in full here.

35. Coverall was one of Academy I's current creditors at the time of the Transaction.

36. Academy I did not receive reasonably equivalent value for the Hotels and other assets transferred to Academy II.

37. Academy I became insolvent as a result of the Transaction.

38. Coverall has suffered $121,571.73 in damages as a result of Academy I's fraudulent transfer of the Hotels and its other assets to Academy II.

### FIFTH CLAIM FOR RELIEF
*(Violation of C.R.S. § 7-80-606 By Grace)*

39. Coverall incorporates its previous allegations as if set forth in full here.

40. Academy I's Cash Distribution to Grace was in violation of C.R.S. § 7-80-606 because, at the time of the distribution, Academy I's liabilities exceeded the fair market value of its assets.

41. Grace knew that Academy I's Cash Distribution was in violation of C.R.S. § 7-80-606 at the time the distribution was made.

42. Grace is liable to Coverall for accepting the Cash Distribution pursuant to C.R.S. § 7-90-913.

43. Coverall has suffered $73,265 in damages as a result of the Cash Distribution.

### SIXTH CLAIM FOR RELIEF
*(Grace is the Alter Ego of Rahmani)*

44. Coverall incorporates its previous allegations as if set forth in full here.

45. Rahmani exercises complete control over Grace.

46.     Upon information and belief, Rahmani co-mingles personal and corporate assets whenever it is convenient to do so.

47.     Rahmani has used the corporate fiction of Grace to perpetuate a fraud upon or to defeat a rightful claim by Coverall and Coverall has suffered $73,265 in damages as a result.

### SEVENTH CLAIM FOR RELIEF
*(Academy II is the Alter Ego of Rahmani)*

48.     Coverall incorporates its previous allegations as if set forth in full here.

49.     Rahmani exercises complete control over Academy II.

50.     Upon information and belief, Rahmani co-mingles personal and corporate assets whenever it is convenient to do so.

51.     Rahmani has used the corporate fiction of Academy II to perpetuate a fraud upon or to defeat a rightful claim by Coverall and Coverall has suffered $121,571.73 in damages as a result.

### JURY DEMAND

Coverall demands a jury on all issues so triable.

**WHEREFORE,** Plaintiff Coverall North America, Inc. prays that judgment be entered in its favor and against Defendants as follows:

A.     For its First and Second Claims for Relief, declarations that Academy II is liable for Coverall's judgment against Academy I under Colorado's mere continuation and de facto merger doctrines, plus damages of $121,571.73 and costs, interest and attorneys fees pursuant to Coverall's contract with Academy I;

B.     For its Third and Fourth Claims for Relief, declarations that Academy I fraudulently transferred the Hotels and its other assets to Academy II, plus damages of $121,571.73 and costs, interest and attorneys fees pursuant to Coverall's contract with Academy I;

C.     For its Fifth claim for relief, $73,265 in damages;

D.     For its Sixth claim for relief, $73,265 in damages;

E.     For its Seventh claim for relief, $121,571.73 in damages, plus costs, interest and attorneys fees pursuant to Coverall's contract with Academy I;

F.     Such other and further relief as the Court deems just and proper.

Dated: March 6, 2007

                    **COVERALL NORTH AMERICA, INC.**

By: *John Matter*
      William F. Jones
      John E. Matter
      MOYE WHITE LLP
      16 Market Square, 6th Floor
      1400 16th Street
      Denver, Colorado 80202
      (303) 292-2900
      e-mail: billy.jones@moyewhite.com
      e-mail: jake.matter@moyewhite.com

*And*

Norman M. Leon
DLA PIPER RUDNICK GRAY CARY US LLP
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601
(312) 368-4000

*Counsel for Plaintiff*

Plaintiff's Address

5201 Congress Avenue, Suite 275
Boca Raton, FL 33487